**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff, LD PRODUCTS, INC.

**LAW OFFICES OF LEE & FIELDS, A PROFESSIONAL CORPORATION**
Christopher P. Fields (Bar No. 174155)
Brian Park (Bar No. 248994)
3701 Wilshire Blvd., Suite 510
Los Angeles, CA 90010
Telephone: (210) 380-5858
Facsimile: (210) 380-5860

Attorneys for Defendant, TOTAL SALES USA, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL SALES USA, INC., a California corporation, E-LOTUSLAND, INC., a California corporation, and JOHN CHEON, an individual,<br><br>Defendants. | CASE NO. 07-00455 JF PVT<br><br>**STIPULATED PROTECTIVE ORDER** |

## I. PURPOSES AND LIMITATIONS.

1. Disclosure and discovery activity in the above-captioned action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items

that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other applicable federal or California statutory law and rules shall be followed in the event a party seeks permission from the Court to file material under seal, seal a trial or hearing in this matter, or otherwise restrict non-party access to these proceedings.

## II. DEFINITIONS.

1. **Action:** the above-captioned proceeding, and any arbitration, mediation, or other disposition of the claims asserted in the above-referenced proceeding.

2. **Court:** this Court, or the duly appointed arbitrator, mediator, or other tribunal (including support staff or experts appointed thereby) in the disposition of any claims asserted in the Action.

3. **Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

4. **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

5. **"Confidential" Information or Items:** information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under the Federal Rules of Civil Procedure, including, without limitation, information that would create a substantial risk of serious injury (including, for example, injury caused by disclosure of information protected by privacy rights, disclosure of commercially sensitive information, and disclosure of sensitive information concerning employees' performance, compensation or other confidential workplace matters).

2   **STIPULATED PROTECTIVE ORDER**

6. **"Attorneys' Eyes Only" Information Or Items:** extremely sensitive "Confidential Information or Items" the disclosure of which to another Party or nonparty would create a substantial risk of serious injury generally in the nature of injury to the Designating Party's ability to compete, or in the nature of injury though disclosure of commercially sensitive information regarding pricing, suppliers and/or customers.

7. **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

8. **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this Action.

9. **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Attorneys' Eyes Only."

10. **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Attorneys' Eyes Only."

11. **Outside Counsel:** attorneys, as well as their support staffs, who are not employees of a Party but who are retained to represent or advise a Party in this Action.

12. **House Counsel:** attorneys, as well as their support staffs, who are employees of a Party.

13. **Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

14. **Expert:** a person with specialized knowledge or experience who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a current employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

15. **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3     **STIPULATED PROTECTIVE ORDER**

## III. SCOPE.

1. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Material. However, Protected Material shall not include any information, document or item a Party or non-Party has lawfully obtained independently of discovery in this Action, even if another Party has produced identical or similar information, documents or items under a "Confidential" or "Attorneys' Eyes Only" designation.

## IV. DURATION.

1. Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL.

1. *Exercise of Restraint and Care in Designating Material For Protection.* Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose

4     **STIPULATED PROTECTIVE ORDER**

unnecessary expenses and burdens on other parties), may subject the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

2. *Manner and Timing of Designations.* Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a) *For information in documentary form* (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top of each page that contains protected material, or, if affixation in such manner is impractical, then affixed in an equally prominent place upon the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY," except that the Producing Party shall where practicable attempt to segregate all material that is known not to qualify for a designation of "Attorneys' Eyes Only," and shall advise the Inspecting Party of such segregated material

as well as whether such segregated material is to be treated as "Confidential" during the inspection. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

b) *For testimony given in deposition or in other pretrial or trial proceedings*, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or non party offering or sponsoring the witness or presenting the testimony.

6 **STIPULATED PROTECTIVE ORDER**

c) For information produced in some form other than documentary, and *for any other tangible items*, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Attorneys' Eyes Only."

d) *Inadvertent Failures to Designate.* If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

1. *Timing of Challenges.* A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Failure to challenge a Designating Party's confidentiality designation as to any Protected Material is not and shall not be deemed an admission or concession that such Protected Material actually meets the standards set forth in Section 5 or 6 or is otherwise confidential, proprietary, or competitively sensitive.

2. *Meet And Confer.* A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review

7   **STIPULATED PROTECTIVE ORDER**

the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

3. *Court Intervention.* A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies under seal the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL.

1. *Basic Principles.* A Receiving Party may use Protected Material that is disclosed or produced under a designation of "Confidential" or "Attorneys' Eyes Only" by another Party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

8     **STIPULATED PROTECTIVE ORDER**

authorized under this Order.

2. *Disclosure of "CONFIDENTIAL" Information or Items.* Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a) the Receiving Party's Outside Counsel of record in this Action, as well as employees, contractors and temporary personnel of said Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

b) the officers, directors, and employees, contractors and temporary personnel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

d) the Court and its personnel;

e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

f) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) or, in the event that such a witness refuses to sign Exhibit A, who has orally entered into an agreement with the parties, through counsel, during the transcribed portion of the deposition to be bound by the terms of this Order, including Exhibit A hereto. In the alternative, the Party seeking to show Protected Material to a witness during his deposition may either (i) provide notice to the Designating Party of the information it plans to show such a witness at least seven (7) days in advance of that

witness' deposition, during which time the Designating Party must either attempt to resolve the matter with the other Party or the witness, or seek relief from the Court in the form of a modified protective order or other relief in light of the witness' refusal to agree to the terms of Exhibit A, or (ii) suspend the deposition related to the Protected Material for at least seven (7) days, during which time the Designating Party must either attempt to resolve the matter with the other Party or the witness, or seek relief from the Court in the form of a modified protective order or other relief in light of the witness' refusal to agree to the terms of Exhibit A. In the event of a suspension, in full or in part, of a deposition pursuant to the procedure set forth in this subsection, the Court shall not award the Party taking the deposition or the witness any costs associated with the suspension or reconvening of the deposition. Further, any further questioning of the witness at a reconvened deposition shall be limited to the Protected Material which was the cause of the suspension or subject matter which could not have been addressed earlier in the deposition as a result of the confidentiality issue. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

g) the author of the document or the original source of the information, any person the document or information on its face indicates it was previously received or reviewed by that person independently of discovery in this Action, any person who is identified in another document or another witness's testimony as having previously received or reviewed the document or information independently of discovery in this Action, and any person as to whom a foundation has been laid that otherwise shows the witness to be likely to have known the contents of the document or information independently of discovery in this Action, unless the Designating Party has, at the time it produces Protected Material, informed the Receiving Party that barring disclosure of such Protected Material to such person is appropriate under the standards set forth in Sections II(5) or II(6) above, as applicable. In the event the Designating Party has so informed the

10 **STIPULATED PROTECTIVE ORDER**

Receiving Party, the Receiving Party may not show the Protected Material to such witness (unless otherwise authorized to do so under other provisions of this Order, including those provisions governing the use and disclosure of Protected Material at depositions) unless such witness has signed Exhibit A to this Order. If the witness refuses to sign Exhibit A, then, if the Receiving Party still wants to show the Protected Material to the witness, it must notify the Designating Party of the need to show Protected Material to the witness and the witness' refusal to sign Exhibit A and may request that the Designating Party meet and confer with the Receiving Party concerning any need to show Protected Material to that witness notwithstanding the witness's refusal to sign Exhibit A. Upon providing such notice, the Receiving Party shall have seven (7) days to resolve the matter with the Designating Party. If the Parties do not resolve the issue within seven (7) days of the Receiving Party giving such notice, the Receiving Party may immediately seek relief from the Court.

3. *Disclosure of "ATTORNEYS' EYES ONLY" Information Or Items.* Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to Persons falling within categories 2(a), 2(c), 2(d), 2(e), and 2(g) above and pursuant to the procedures and conditions set forth above.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

1. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

2. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

3. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. FILING PROTECTED MATERIAL.

1. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action or any other action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable federal procedural law.

## XI. FINAL DISPOSITION.

1. Unless otherwise ordered or agreed in writing by the Producing Party, within one-hundred (100) days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party. For purposes of this Order, "final termination" shall mean the exhaustion of all time periods for appeal following the entry of a judgment or dismissal as to all parties and all claims. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the one-hundred day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## XII. MISCELLANEOUS.

1. *Right To Further Relief.* Nothing in this Order abridges or prejudices the right of any person to seek its modification by the Court in the future.

//
//
//
//
//

2.  *Right To Assert Other Objections.* By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

DATED: June 18, 2007

LAW OFFICES OF LEE & FIELDS, A PROFESSIONAL CORPORATION

By: /s/ Christopher P. Fields

Attorneys for Defendant TOTAL SALES USA, INC.

DATED: June 22, 2007

KRONENBERGER BURGOYNE, LLP

By: /s/ Jeffrey M. Rosenfeld

Attorneys for Plaintiff LD PRODUCTS, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 15, 2007

/s/ Patricia V. Trumbull

THE HONORABLE PATRICIA V. TRUMBULL

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued on _____ [date] in the case of *LD Products, Inc. v. Total Sales USA, Inc., et al.*, Case No. 07-00455 JF PVT. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Northern District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Printed name: _____
[printed name]

Signature: _____
[signature]